UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DOUGLAS E. KAMPFER,

                                  Plaintiff,                1:10-CV-1234

            v.

JOHN H. BUCHANAN and BETHANY SCHUMANN-
MCGHEE,

                                Defendants.


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                         OF COUNSEL:

DOUGLAS E. KAMPFER
Plaintiff, Pro Se
P.O. Box 747
Mayfield, NY 12117

BRENNAN, WHITE LAW FIRM         DANIEL J. STEWART, ESQ.
Attorneys for Defendants
163 Haviland Road
Queensbury, NY 12804

DAVID N. HURD
United States District Judge


**MEMORANDUM-DECISION AND ORDER**

## I.  INTRODUCTION

      Plaintiff Douglas E. Kampfer ("plaintiff" or "Kampfer"), proceeding pro se and in

forma pauperis, brings this action against defendants John H. Buchanan ("Buchanan")

and Bethany Schumann-McGhee ("Schumann-McGhee"), Buchanan's attorney.  Plaintiff

alleges that defendants discriminated against him in violation of 42 U.S.C. § 1981, Title VII

of the Civil Rights Act of 1964, and the Civil Rights Act of 1871.  Plaintiff seeks an

injunction preventing his eviction from Buchanan's land and monetary relief for lost profits, court costs, and punitive damages.

Plaintiff initially filed his complaint and a motion for preliminary injunction on October 15, 2010.  Defendants filed a motion to dismiss, which was subsequently withdrawn when Kampfer filed an amended complaint and motion for preliminary injunction on November 12, 2010.  Defendants have since filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(c).  Plaintiff opposes the motion and has cross-moved for summary judgment pursuant to Federal Rule of Civil Procedure 56.  Defendants responded in opposition to Kampfer's cross-motion.  The motions were taken on submit.

## II. <u>FACTUAL BACKGROUND</u>

The following facts, taken from plaintiff's amended complaint, are accepted as true for purposes of the motion to dismiss.

On November 16, 2007, plaintiff and Buchanan entered into a written agreement under which plaintiff provided Buchanan $10,000.00 to pay his property taxes and prevent foreclosure on his land.  In return, Buchanan agreed to allow plaintiff to use at least seven parcels of his land for agricultural purposes.  Although the writing does not specify how long plaintiff would be permitted to use the land, the parties verbally agreed that he could use the land for as long as he desired.[1]  However, beginning on December 1, 2007, Buchanan has prevented plaintiff from tapping maple trees and using all seven parcels of

---

[1] Defendants assert that the use of the land was to end when the loan was repaid, and claim that the debt was satisfied in April 2008.  This dispute would be a central issue in a breach of contract claim, which plaintiff has failed to include in his amended complaint.  Regardless, since plaintiff's federal claims will be dismissed, any state law breach of contract claim would also be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

land to bale hay and plant crops.  Plaintiff was only permitted to use one barn and 1.5 of the over 200 acres of land.

Plaintiff kept a small herd of goats on one of the parcels of land but has been unable to utilize all of the land to its full economic potential.  On March 22, 2009, plaintiff discovered Buchanan attempting to sell plaintiff's hay to a third party, and a heated argument ensued.  During the verbal confrontation Buchanan stated, "I do not have to comply to a Mormon contract, if I allow you to bale hay on my property I can't make money to pay my taxes."  Plaintiff maintains that he is not a Mormon but is instead a Latter-Day Saint.

In May 2009, Buchanan retained Schumann-McGhee, who sent a letter to plaintiff claiming that he no longer had a right to use the land as the November 16, 2007, agreement was invalid.  Plaintiff and Schumann-McGhee exchanged several letters throughout May and June 2009, but failed to reach an agreement to settle the dispute.  During this correspondence, Schumann-McGhee encouraged Kampfer to get an attorney and refused to engage in meaningful settlement discussions because plaintiff was proceeding pro se.  On October 10, 2010, Schumann-McGhee informed plaintiff by letter that defendants were initiating legal action to have him removed from Buchanan's property.  Schumann-McGhee again encouraged plaintiff to get an attorney who could contact her directly.

## III.  DISCUSSION

### A.  Motion to Dismiss—Legal Standard

To survive a 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S.

544, 555, 127 S. Ct. 1955, 1965 (2007).  Although a complaint need only contain "a short and plain statement of the claim showing the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), more than mere conclusions are required.  Indeed, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1950 (2009).

Dismissal is appropriate only where plaintiffs fail to provide some basis for the allegations that support the elements of their claims.  See Twombly, 550 U.S. at 570, 127 S. Ct. at 1974 (requiring "only enough facts to state a claim to relief that is plausible on its face").  When considering a motion to dismiss, the complaint is to be construed liberally, and all reasonable inferences must be drawn in the plaintiffs' favor.  Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).  Additionally, particular deference should be given to a pro se litigant's complaint when applying the above standard.  Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007).

**B.  Section 1981 Claim**

Plaintiff's entire section 1981 claim is based on the following comment made by Buchanan:  "I do not have to comply to a Mormon contract."  Plaintiff alleges that this constituted racial discrimination that interfered with his ability to make and enforce a contract.

It is well-established that "[a]lthough § 1981 does not itself use the word 'race,' the [Supreme] Court has construed the section to forbid all 'racial' discrimination in the making of private as well as public contracts."  Saint Francis Coll. v. Al-Khazraji, 481 U.S. 604, 609, 107 S. Ct. 2022, 2026 (1987).  The "racial discrimination" prohibited by section 1981 is broadly defined as intentional discrimination based solely on a person's "ancestry or

ethnic characteristics."  Id. at 613, 107 S. Ct. at 2028 (intentional discrimination based on the fact that plaintiff was "born an Arab" was sufficient to state a section 1981 claim). Moreover, while the Second Circuit has held that discrimination based on alienage is also prohibited by section 1981, discrimination based on gender, religion, national origin, or age is not.  Anderson v. Conboy, 156 F.3d 167, 169–70 (2d Cir. 1998).

Kampfer's attempt to characterize the use of the word "Mormon" as indicative of racial discrimination is unpersuasive.  Even assuming, arguendo, that Buchanan intended to discriminate against plaintiff when he made the statement, it cannot reasonably be argued that such a comment suggests anything other than religious discrimination. Indeed, plaintiff's amended complaint and his memorandum of law indicate that the section 1981 claim involves "Religious Discrimination."  As noted above, discrimination based on religious affiliation cannot support a section 1981 claim.

Accordingly, plaintiff's section 1981 claim will be dismissed.

### C.  Plaintiff's Other Claims

Although Kampfer attempts to include claims under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1871, he fails to explain how these Acts apply to the facts of this case.  Indeed, plaintiff's memorandum of law in opposition to defendants' motion to dismiss addresses only his section 1981 cause of action.  Regardless, these claims can be quickly disposed of.

Title VII of the Civil Rights Act of 1964 prohibits employment discrimination based on a person's race, religion, sex, or national origin.  42 U.S.C. § 2000e-2(a); Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 56, 126 S. Ct. 2405, 2408 (2006).  As the

amended complaint does not contain any factual allegations suggesting an employment relationship between the parties, any Title VII claim will be dismissed.

The Civil Rights Act of 1871, codified in 42 U.S.C. § 1983, requires a showing that the offending party acted under color of law.  Haywood v. Drown, 129 S. Ct. 2108, 2111–12 & n.1 (2009).  "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action [has] exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  Carlos v. Santos, 123 F.3d 61, 65 (2d Cir. 1997) (internal quotation marks omitted).  As the amended complaint does not contain any factual allegations that defendants were acting under the color of law, any section 1983 claim will be dismissed.

### D.  Plaintiff's Motions

Since Kampfer has failed to state a claim that is plausible on its face, his amended complaint will be dismissed.  Accordingly, there is no need to entertain his motion for preliminary injunction or his cross-motion for summary judgment.

## IV.  CONCLUSION

As a result of the above, it is

ORDERED, that

1.  Defendants' motion to dismiss is GRANTED;

2.  Plaintiff's cross-motion for summary judgment is DENIED;

3.  Plaintiff's motion for preliminary injunction is DENIED; and

4.  Plaintiff's amended complaint is DISMISSED in its entirety.

IT IS SO ORDERED.

The Clerk is directed to enter judgment accordingly.

United States District Judge

Dated:   February 18, 2011
         Utica, New York.